**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANTONIO CUEVAS | ) | |
| | ) | |
| | ) | |
| v. | ) | 3-09-CV-756-L |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Hutchins State Jail Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Dallas, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of robbery as charged in the indictment returned in Cause No. CR 10708 Cuevas was tried by a jury which returned a verdict of guilty and thereafter assessed his punishment at a term of 13 years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. He appealed his conviction and on October 9, 2008, the Second Court of Appeals of Texas at Fort Worth affirmed his conviction.

He subsequently filed a petition for discretionary review which was refused by the Texas Court of Criminal Appeals on January 28, 2009.  He then filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Court of Criminal Appeals on April 15, 2009, without written order.  He then filed the present petition to which Respondent filed an answer and copies of prior state proceedings.  Cuevas filed a reply to the answer on September 4, 2009.

**Findings and Conclusions**: Cuevas asserts eight grounds for relief in his petition.  His claims are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which limits a federal court's authority to grant habeas corpus relief to a state prisoner unless the decision by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)(2).  In addition, a federal court may not grant habeas corpus relief on a claim which he has not fairly presented to the State judicial system. § 2254(b)(1)(A).

In his first ground for relief Cuevas claims that he was denied the right to be present during a portion of the examination of the jury venire from which the jury in his case was selected.  This claim is predicated on the fact that some of the individuals on the panel from which the petit jury in his case was selected on December 10, 2007, had been on the venire in an unrelated case from which a petit jury was selected earlier in the day.  This issue was raised and rejected in the context of Petitioner's direct appeal and was held to be without merit.  *See* WR-71,809-01 at 64-68, Second Court of Appeals opinion delivered on October 10, 2008.  Moreover, relief on this ground is

foreclosed by the absence of any United States Supreme Court decision which holds that a person cannot participate as a member of a jury panel in more than one criminal case.

In his next ground for relief he claims that his prosecution for the offense of robbery in Cause No. CR 10708 violated the Double Jeopardy Clause of the Fifth Amendment. From the record it appears that he was prosecuted for the same offense in an indictment returned in Cause No. CR 10371, and that the case was mistried as a result of the jury's failure to reach a unanimous verdict. A superseding indictment for the same robbery offense was filed in No. CR 10708, upon which he was convicted and the indictment in No. CR 10371 was dismissed. *See* No. CR 10708, Clerk's Record, Volume One at 8. It is well settled that a retrial of an offense following the granting of a mistrial is not barred by the Double Jeopardy Clause. *See e.g. United States v. Sanford*, 429 U.S. 14, 97 S.Ct. 201 (1976) (citing *United States v. Perez*, 9 Wheat. 579, 580 (1824)) and *Richardson v. United States*, 468 U.S. 317, 312-26, 104 S.Ct. 3081 (1984).

In Ground Three he claims that the evidence was insufficient to support the jury's guilty verdict. As a general proposition under Texas state law an insufficiency of the evidence claim is not a cognizable ground for relief in an art. 11.07 application. *See e.g. Clark v. State of Texas,* 788 F.2d 309 (5th Cir. 1986). However, in the present case neither the trial court nor the Court of Criminal Appeals found that this claim was not cognizable in a collateral attack. *See* WR 71,809-01 at 33 and at cover. Nor does Respondent argue that merits review is procedurally barred. It is well settled that application of a state procedural bar is a matter of comity out of respect for the American system of federalism. But when the state court system does not invoke a procedural bar to a habeas claim, merits review of the claim is not barred in a §2254 petition.

An attack on the legal sufficiency of the evidence is governed by the Supreme Court's

3

decision in *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979). In addressing this issue a federal habeas court must determine whether viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt."

Dustin Shea, an accomplice and one of the two perpetrators of the robbery, testified in great detail about Petitioner's involvement in the planning and the execution of the offense. *See* Reporter's Record, Vol. 3 at 119-126. In addition, the prosecution presented the testimony of Adrian Cordero, a friend of Shea's, who related how he and Shea carried out a prior robbery and which was planned by Cuevas. Vol. 3, Testimony of Cordero at 72, et seq.

Petitioner attacks the credibility of Dustin Shea, arguing that his testimony was coerced by the police and the district attorney's office and was given in exchange for favorable treatment on his own criminal charges. Shea's hope for favorable treatment was fully explored in the course of his testimony and the jury was also charged with respect to his status as an accomplice. *See* No. CR 10708, Clerk's Record, Vol. One, 16-17. It is clear that Shea's testimony, if believed, establishes that Cuevas, as a principal, participated in each essential element of the offense of robbery. Further, since it was the function of the jury to determine the weight and credibility to be given to the testimony of Shea and that of the other prosecution witnesses, it is clear that Petitioner cannot establish that the evidence was insufficient to support the jury's guilty verdict.

In his fourth ground Cuevas raises a search and seizure issue pursuant to the Fourth Amendment. Aside from the question of his standing to bring such a claim it is clear that merits review of a Fourth Amendment claim is foreclosed by the Supreme Court's decision in *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037 (1976).

He next attacks the competency of his appellate attorney (Ground Five) An ineffective assistance of appellate counsel claim is governed by the two-prong test set down in *Strickland v. Washington,* 466 U.S. 663, 687, 104 S.Ct. 2052 (1984). *See Smith v. Robbins*, 528 U.S. 259, 286, 120 S.Ct. 746 (2000). There is a strong presumption that an attorney provides counsel consistent with the requirements of the Sixth Amendment. *Strickland*, 466 U.S. at 689. In order to overcome this presumption a habeas petitioner must establish both that the attorney's performance fell below the minimum standards required under the Sixth Amendment *and* that such deficient performance was prejudicial, that is, that there is a reasonable probability that but for the error the ultimate result would have been different. In the context of an attorney's performance in a direct appeal, a petitioner must show that "counsel unreasonably failed to discover [and raise] non-frivolous issues," *Smith,* 528 U.S. at 286, and that but for the attorney's failure to present such a non-frivolous claim, he would have prevailed on appeal. *Id.* However, an attorney is not required to raise every possible non-frivolous claim to satisfy the proficiency standard imposed by the Sixth Amendment. *See Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308 (1983).

Petitioner has failed to identify a single non-frivolous issue which his appellate attorney should have raised, and his conclusory claim therefore fails to present a cognizable ground for federal habeas relief. *See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983)).

As his sixth ground for relief Cuevas claims that the prosecution misled the jury in the punishment phase by presenting evidence of a separate robbery for which he was not convicted. In the punishment phase the State presented the testimony of Terrance Boyle, the cashier at Montana's Restaurant, which was robbed by Dustin Shea and Adrian Cordero. Reporter's Record, Vol. 4 at

5

29, *et seq*. Petitioner was apparently charged with that offense in an indictment returned in No. CR 10370. Although it does not appear in the record, he argues that the case was ultimately dismissed. There is nothing in the record in CR 10708 which indicates that the indictment in No. CR 10370 was ever placed in evidence before the jury.

In his answer Respondent cites the Texas Court of Criminal Appeals decision in *Jaubert v. State,* 74 S.W.3d 1, 3 (Tex.Crim.App. 2002) which holds that in the punishment phase of a criminal trial the prosecution is permitted to present evidence of an unadjudicated extraneous offense. However, because only violations of Federal law are cognizable in a § 2254 petition, it is that law which determines whether a meritorious claim is presented. In *Brown v. Dretke*, 419 F.3d 365, 376-77 (5th Cir. 2005) the court specifically addressed this issue, reiterating prior decisions of the court holding that the "admission of unadjudicated offenses in the sentencing phase ... does not violate the eighth and fourteenth amendments," citing *Williams v. Lynaugh*, 814 F.2d 205, 208 (5th Cir. 1987) and holding that the United States Constitution does not require that unadjudicated extraneous offenses be proved beyond a reasonable doubt to be admissible. *Vega v. Johnson*, 149 F.3d 354, 359 (5th Cir. 1998).[1]

In his seventh ground he contends that the state trial court did not comply with the requirements of art. 11.07. In his eighth and final ground Petitioner complains of the trial court's statements to the jury with respect to state parole law. In response to these grounds Thaler contends that neither ground has been presented to the Texas state courts and are therefore unexhausted. An examination of Cuevas's direct appeal pleadings and his art. 11.07 application confirms the accuracy

---

[1]Texas courts impose a more stringent standard for admissibility, i.e. proof beyond a reasonable doubt. *See e.g. Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App. 1996). However, this evidentiary requirement is a matter of state law only.

of Respondent's statements. As noted above, a federal court *cannot grant* relief on unexhausted claims. § 2254(b)(1)(A). Respondent further argues that relief on these claims is barred under the federal procedural default doctrine. It is clear that were Cuevas to attempt to present a claim with respect to the judge's comments in a subsequent art. 11.07 application that it would be dismissed for abuse of the writ. *See* art. 11.07, Sec. 4(a). While it is perhaps less clear that he could have complained of deficiencies in the handling of his initial art. 11.07 application, it is settled law that such alleged errors in State collateral proceedings do not state colorable grounds for federal habeas corpus relief. Therefore, Petitioner is not entitled to relief on either of his final grounds.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 4th day of November, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by

the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).